P. STERLING KERR, ESQ.
Nevada Bar No. 3978
GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451–2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: george@sterlingkerrlaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL MARKETS LIVE, INC., a New York corporation dba iMARKETSLIVE; CHRISTOPHER TERRY, an individual;<br><br>Plaintiffs,<br>v.<br><br>JOEL SANTIAGO dba COPY PROFIT SUCCESS GLOBAL; JOE OTIS dba COPY PROFIT SUCCESS GLOBAL; MUHAMMAD ZIDAN aka MACK MILLS, an individual GREGORY PERDRIEL, an individual; CARLOS SANTIAGO, an individual; ROBBIE ISSA, an individual;<br><br>Defendants. | Case No.: 2:18-cv-1112<br><br>**COMPLAINT FOR:**<br><br>1) DEFAMATION PER SE;<br>2) TRADE LIBEL;<br>3) TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS;<br>4) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; and<br>5) CIVIL CONSPIRACY |

COMES NOW, Plaintiffs by and through their attorneys, the Law Offices of P. Sterling Kerr, complain and allege against Defendants JOEL SANTIAGO and JOE OTIS dba COPY PROFIT SUCCESS GLOBAL (hereinafter collectively known as "CPSG"), Defendant dba COPY PROFIT SUCCESS GLOBAL, Defendant MUHAMMAD ZIDAN aka MACK MILLS (hereinafter "Mills"), GREGORY PERDRIEL (hereinafter "Perdriel"), CARLOS SANTIAGO (hereinafter "Santiago"), and ROBBIE ISSA (hereinafter "Issa") as follows:

/ / /

/ / /

## THE PARTIES

1. Plaintiff INTERNATIONAL MARKETS LIVE dba iMARKETSLIVE (hereinafter "IML") is, and at all times relevant herein was, a New York corporation.

2. Plaintiff CHRISTOPHER TERRY (hereinafter "Terry") is an individual and is, and at all times relevant, a Nevada resident.

3. Defendants JOEL SANTIAGO dba COPY PROFIT SUCCESS GLOBAL, is an individual and, upon information and belief, a Wisconsin resident.

4. Defendants JOE OTIS dba COPY PROFIT SUCCESS GLOBAL is an individual and, upon information and belief, a Georgia resident.

5. Defendant MUHAMMAD ZIDAN aka MACK MILLS is an individual and, upon information and belief, a Florida resident.

6. GREGORY PERDRIEL is an individual and, upon information and belief, a Florida resident.

7. CARLOS SANTIAGO is an individual and, upon information and belief, a Florida resident.

8. ROBBIE ISSA is an individual and, upon information and belief, a New York resident.

## JURISDICTION AND VENUE

9. This Court has diversity subject matter jurisdiction of this action. The Court has diversity jurisdiction under 28 U.S.C. § 1332 because no Plaintiffs and Defendants are residents of the same state, and because the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

10. Venue is proper as TERRY is a resident of the state of Nevada .

## GENERAL ALLEGATIONS

11. Plaintiff IML is a multi-level marketing organization that sells educational products regarding the trading of Foreign currencies.

12. Plaintiff Terry is the CEO of IML.

13. Defendants Joel Santiago and Joe Otis are the "founders" of CPSG.

14. Upon information and belief, CPSG is a multi-level marketing organization that is advertising on the internet that it will sell products regarding trading Foreign currencies in the future.

15. Employees of CPSG are posting defamatory statements on the internet about IML in an attempt to discredit and undermine IML and sell CPSG's products.

16. The employees' posts are made at the direction of CPGS.

17. The employees posting the defamatory statements on behalf of CPSG are Mills, Perdriel, Santiago, and Issa.

18. Mack Mills has a Facebook account at https://www.facebook.com/returnofthemack2016 where he publishes defamatory and other tortious statements against Plaintiffs.

19. On May 21, 2018 at 5:50 pm, Mack Mills posted the following entry on Facebook, "CPS they're grrreat!!  www.SecureYourPosition.com #Grrr"

20. Mack Mills posted on Facebook, "How's IML different from CPS? Ones illegal and one isn't but allow me to elaborate on your stupid questions LIVE and then visit www.macksHUGElaunch.com."

21. CPSG's website lists Perdriel as an "online marketer" for CPSG.

22. Perdriel has a Facebook account at https://www.facebook.com/kashiz.kingiv where he publishes defamatory and other tortious statements against Plaintiffs.

23. On May 18, 2018, Perdriel posts on Facebook, "When the other ☑ MLM CEO sets up an emergency "state of the..." company wide call, things are gettin sticky 😳"

24. On May 21, 2018, Perdriel posts on Facebook, "Truth Hurts... 2 Months Left. Deranking & No Pay❗😱 Sources Exposed."

25. Santiago has a Facebook account at https://www.facebook.com/emma.locket.7 where he publishes defamatory and other tortious statements against Plaintiffs.

26. On June 12, 2018, Santiago posts to Facebook, "IML affiliates are so scared that they're reporting CPSG links on facebook as fraudulent 😂😁 y'all have 20 days left ❗"

27. On June 8, 2018, Santiago posts to Facebook "Welp, IML got sued... (2nd one on the way) former chairmans left, more deranking hatnin' but I'M the fake news 😉😋🤓"

28. On June 7, 2018, Santiago posts to Facebook, "Damn‼️!! as if things weren't already bad enough IML has another force that's about to take their downline 😄😁💀💀  A $20 decision is gonna cripple them hotel meeting boys 😄😁😄😁😄"

29. On June 5, 2018, Santiago posts to Facebook, "Both MCA and IML about to take a hit this year 🩸💥🥊"

30. Santiago has a Facebook account at https://www.facebook.com/emma.locket.7 where

31. On May 19, 2018, Santiago posts to Facebook, "iMarketsLive has 43 days left."

32. On May 19, 2018, Santiago posts to Facebook, "IML affiliates are jumping ship by the masses. People are deranking left and right. Worst part is: They are not telling anyone!"

33. Issa has a Facebook account at https://www.facebook.com/Robbie.trader.issa where he publishes defamatory and other tortious statements against Plaintiffs.

34. On May 18, 2018, Issa posts to Facebook May 18, 2018, "Best therapy ever FUCK IML SCAM Fuck Chris Terry and the hole he crawled out of.  Yeah just like that.  Cause I can."

35. On May 19, 2018, Issa posts to Facebook, "FUCK IML SCAM – I'm right here Chris come and get me, cross recruit is bitch tradewithrobbie.com."

36.  On numerous occasions on these social media platforms, one Defendant will post defamatory statements, and then one or more other Defendants will comment below on the posts, reaffirming the statements and making other defamatory statements in the comments section.

37.  In addition to the foregoing, there are other tortious and harmful statements against Plaintiffs published on websites controlled by the Defendants.

## FIRST CLAIM FOR RELIEF
### (Defamation Per Se against Defendants)

38.  Plaintiffs incorporate by reference and reaffirm each and every allegation previously asserted as if fully set forth herein.

39.  The statements, as cited in the general allegations, tend to harm the reputation of the Plaintiffs in the estimation of the community and deter third persons from associating or dealing with Plaintiffs.

40.  The statements, as cited in the general allegations, are false.

41.  The statements, as cited in the general allegations, were intentionally published on the internet.

42.  The statements, as cited in the general allegations constitute the imputation that Plaintiffs have committed a crime; and/or Plaintiffs lack of fitness for trade, business, or profession.

43. As a direct and proximate result of Defendants' defamatory acts, Plaintiffs has been harmed in amount in excess of one million dollars ($1,000,000.00).

44. It has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and, therefore, Plaintiffs are entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

**SECOND CLAIM FOR RELIEF**
**(Trade Libel against Defendants)**

45. Plaintiffs incorporate by reference and reaffirm each and every allegation previously asserted as if fully set forth herein.

46. The statements, as cited in the general allegations, about the Plaintiffs were published on the internet.

47. The statements, as cited in the general allegations, disparage the quality of IML's trading services.

48. The statements, as cited in the general allegations, are false.

49. The statements, as cited in the general allegations, were intentionally published on the internet.

50. As a direct and proximate result of Defendants' trade libel, Plaintiffs has been harmed in amount in excess of one million dollars ($1,000,000.00).

51. It has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and, therefore, Plaintiffs are entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

**THIRD CLAIM FOR RELIEF**
**(Tortious Interference with Contractual Relations against Defendants)**

52. Plaintiffs incorporate by reference and reaffirm each and every allegation previously asserted as if fully set forth herein.

53. Plaintiff IML had contractual relationships with customers and individual representatives who desired participate in receiving educational products for Forex markets.

54. Defendants knew of these relationships.

55. Defendants spread false information and affirmatively filed false complaints with regulators with the intent of disrupting Plaintiffs's relationships with its customers.

56. Defendants' conduct was not legally justified.

57. As a direct and proximate result of Defendants' interference with IML's contractual relationships, Plaintiffs has been harmed in amount in excess of one million dollars ($1,000,000.00).

58. It has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and, therefore, Plaintiffs is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

### FOURTH CLAIM FOR RELIEF
**(Tortious Interference with Prospective Economic Advantage against Defendants)**

59. Plaintiffs incorporate by reference and reaffirm each and every allegation previously asserted as if fully set forth herein.

60. Plaintiff IML had prospective contractual relationships with customers and individual representatives who desired to participate in receiving educational products for Forex markets.

61. Defendants knew of these prospective relationships.

62. Defendants spread false information and affirmatively filed false complaints with regulators with the intent of preventing and inhibiting Plaintiffs relationships with the prospective customers.

63. Defendants' conduct was not legally justified.

64. As a direct and proximate result of Defendants' interference with the prospective customer relationships, Plaintiff has been harmed in amount in excess of one million dollars ($1,000,000.00).

65. It has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

### FIFTH CLAIM FOR RELIEF
(Civil Conspiracy against Defendants)

66. Plaintiffs incorporates by reference and reaffirm each and every allegation previously asserted as if fully set forth herein.

67. Defendants have taken concerted action in defaming Plaintiffs and committing tortious interference with contractual relations and tortious interference with contractual relations.

68. As a direct and proximate result of Defendants' civil conspiracy, Plaintiffs have been harmed in amount in excess of one million dollars ($1,000,000.00).

69. It has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and, therefore, Plaintiffs are entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

### WHEREFORE, PLAINTIFFS PRAY FOR
### THE FOLLOWING RELIEF AGAINST DEFENDANTS:

1. For Damages in an amount greater than $1,000,000.00 as a result of Defendants' defamatory and tortious actions;

2. For injunctive relief to enjoin the Defendants from continuing to commit the defamatory and tortious actions;

3. For an award of pre-judgment interest, as well as reasonable attorneys' fees as both normal and special damages, and other costs; and

4. For such other and further relief that this Court deems just and proper.

Dated this 22th day of June, 2018

                    LAW OFFICES OF P. STERLING KERR

                    */s/ George E. Robinson*

P. STERLING KERR, ESQ.
Nevada Bar No. 3978
GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: george@sterlingkerrlaw.com
*Attorneys for Plaintiff*